CAROLINE M. FARWELL vs. DOLLY B. COTTING.

A woman who, to release dower, has joined with her husband in a mortgage of land, cannot upon his death maintain a writ of dower against the mortgagee or his assignee in possession.

WRIT OF DOWER. At the trial in this court, before *Hoar*, J., a verdict was returned for the tenant under the direction of the court, upon admitted facts, which are sufficiently stated in the opinion. The demandant alleged exceptions.

*W. P. Harding*, for the demandant.

*G. A. Somerby*, for the tenant.

MERRICK, J. It is very clear that, upon the facts stated in the bill of exceptions, this action cannot be maintained. The demandant joined with her husband Richard Farwell in two mortgage deeds made by him severally to George and Ephraim Howe in 1825 and 1833, for the purpose of releasing her right of dower in the estate described in the writ, which was thereby conveyed. The note mentioned in the mortgage to George Howe not having been paid when it became due, both the note and mortgage were duly assigned and transferred to Ephraim Howe, the second mortgagee. Farwell's right in equity of redemption was afterwards, in May 1835, seized upon an execution against him, and was duly sold thereon at a sheriff's sale to S. S. Morey. The equity of redemption so sold has never been redeemed by said Farwell, nor by any person claiming under him ; but more than one year after the sale, and after the death of said Morey, which occurred in the year 1837, it was conveyed by the administrator of his estate to Ephraim Howe, then the owner and holder of both of said mortgages. On the 3d of May 1840 Ephraim Howe, by his deed of that date, conveyed the whole estate to one Cotting, the father of the tenant, to whom upon his decease it descended as his heir at law. Since that time said Farwell has not been in possession of the estate, but Cotting and his heirs have had the control and uninterrupted possession of it.

A widow is certainly dowable in an equity of redemption. But after having joined with her husband in a mortgage,

relinquishing her right of dower, she cannot maintain an action at law to recover it against the mortgagee or his assignee in possession. But if the mortgage is not foreclosed, a court of equity will afford her relief by allowing her to redeem. But if the mortgage is foreclosed, all right of dower is thereby barred. *Gibson* v. *Crehore*, 5 Pick. 146. *Eaton* v. *Simonds*, 14 Pick. 98. *Brown* v. *Lapham*, 3 Cush. 551. 1 Washburn on Real Prop. 186, 203.

It is therefore manifest that the demandant cannot maintain her present action, which is an action at law to recover her dower, because the tenant is in possession as assignee of the mortgages, which she executed with her husband for the purpose of releasing it. The mere return of the notes to Farwell by Ephraim Howe more than one year after his conveyance of the estate, and after he ceased to have any interest in it, could not affect in any way the rights or the title of his grantee. Though the notes were returned to him after Cotting became the owner of the estate, Farwell does not appear to have ever pretended that they had been paid by him.

*Exceptions overruled.*